[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

No. 10-10479
Non-Argument Calendar

_____

D.C. Docket No. 4:08-cr-00315-WTM-GRS-24

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTIE WAYNE STRAWDER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 30, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Artie Wayne Strawder, through counsel, appeals his 160-month,

within-guidelines sentence following his conviction for conspiracy to possess with

intent to distribute and to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846. On appeal, Strawder argues that his sentence is substantively unreasonable because it was greater than necessary to achieve the statutory purposes of sentencing.

We review a sentence for reasonableness, employing an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Because Strawder does not offer argument pertaining to the procedural reasonableness of his sentence, he has abandoned any such argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that a party abandons an issue if he does not raise it in his initial brief).

With respect to the substantive reasonableness of Strawder's sentence, the district court acted within its discretionary authority by weighing the relevant factors, including Strawder's criminal history and minimal role in the conspiracy, to arrive at a sentence it determined was sufficient, but not greater than necessary, to comport with the statutory purposes of sentencing. That the district court may have given less weight to the probation officer's recommendation and Strawder's admission of guilt than to his extensive criminal history is within its sound

2

discretion. Furthermore, Strawder's 160-month sentence was within the lower portion of the guidelines range, and also below the statutory maximum of 20 years. Therefore, we conclude that the district court did not commit a "clear error in judgment" by sentencing Strawder to 160-months' imprisonment.

**AFFIRMED.**